[Civ. No. 19404.   Second Dist., Div. One.   June 12, 1953.]

JOHN F. LINK, Appellant, v. EDWARD F. FINNEY, Respondent.

Hy Schwartz for Appellant.

Fendler, Weber & Lerner and Robert W. Lerner for Respondent.

450

DORAN, J.—As stated in appellant's brief,

"This is an appeal from a judgment in favor of defendant and against plaintiff.

"The action was by plaintiff to recover for services rendered by him to the defendant, Edward F. Finney. The defendant, Edward F. Finney, denied generally and specifically that he employed the plaintiff and that he was indebted to the plaintiff in any sum. By way of affirmative defense, the defendant alleged that the plaintiff performed the services for Zenith Pictures, Inc., a corporation, and that in all transactions defendant was acting as a duly authorized agent and on behalf of Zenith Pictures, Inc."

A motion for a new trial on the usual grounds and also on the grounds of newly discovered evidence was denied.

It is contended on appeal that, "the findings are not supported by the evidence and are contrary to law."

It is argued by appellant that the contract of employment was between plaintiff and defendant and that said contract "was an unconditional promise by the defendant Finney to pay plaintiff for his services."

It is argued by respondent that the contract in question was between plaintiff and "Zenith Pictures" and that defendant was acting only in the capacity of agent.

The court found, as a matter of fact, that the parties entered into an oral agreement "whereby plaintiff promised and agreed to perform services for defendant as a film editor on a motion picture entitled 'The Prairie.' In consideration of the performance of said services said defendant promised and agreed to pay plaintiff the reasonable value of his services, said payment, however, to be paid when there had been recouped from the distribution of said motion picture a sum sufficient to pay all monies due, owing and unpaid to the Bank of America National Trust and Savings Association by reason of loans made by said Bank for the production of said motion picture, as of November 10, 1947, and out of first monies received by said defendant from the distribution of said motion picture thereafter." That plaintiff performed such services but, "That up to the date of trial of this cause there had not recouped from the distribution of said motion picture 'The Prairie,' a sum sufficient to pay all sums due, owing and unpaid to Bank of America National Trust and Savings Association by reason of loans made by said Bank for the production of said motion picture, as of Nov. 10, 1947."

Although the evidence is conflicting there is substantial evidence to support the findings.

In the circumstances presented by the record there was no error in the court's order denying the motion for a new trial. Appellant's contentions, as a matter of law, lack support in the record. There being no prejudicial errors, the judgment is affirmed.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.

A petition for a rehearing was denied July 1, 1953, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1953.